1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   FEDERAL NATIONAL MORTGAGE,              No. C 12-04666 SI

12          Plaintiff,                       **ORDER TO SHOW CAUSE**

13      v.

14   SAMUEL & ANA GALLARDO,

15          Defendants.
     _____/

16

17          On September 6, 2012, *pro se* defendants removed this case from Contra Costa County Superior

18   Court and filed motions to proceed *in forma pauperis*.  On September 13, 2012, Magistrate Judge Maria-

19   Elena James issued an order to show cause why the case should not be remanded to state court for lack

20   of federal jurisdiction.  The case was reassigned after defendants failed to respond to the Court's request

21   for consent or declination to proceed before a magistrate judge.  Defendants have not filed a response

22   to the order to show cause, which was due on September 27, 2012.  However, the order to show cause

23   as well as the consent or declination notices were returned to the Court as undeliverable, likely due to

24   an address problem.  Therefore, the Court hereby DIRECTS the Court of the Clerk to (1) correct the

25   mailing address on file for defendants and (2) cause to be served by mail all prior orders issued by this

26   Court on the address as follows:

27                          Samuel & Anna Gallardo
                            519 South 22nd Street
28                          Richmond, CA 94804

**United States District Court**
For the Northern District of California

Defendants are further ORDERED to SHOW CAUSE why the case should not be remanded to Contra Costa Country Superior Court for lack of federal jurisdiction. Plaintiffs have filed an unlawful detainer action. Unlawful detainer does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

Defendants should be mindful that an anticipated federal defense or counterclaim does not confer jurisdiction. *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994). "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal. *See e.g. Aurora Loan Services, LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D.Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2–3 (S.D.Cal. Nov.19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at 2–3 (C.D.Cal. Nov. 22, 2010); *Aurora Loan Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D.Cal. March 29, 2010).

Defendants are directed to file a written response to this order **no later than November 20, 2012**. In the absence of any such filing, the Court will treat the matter as unopposed.

**IT IS SO ORDERED.**

Dated: November 6, 2012

_____
SUSAN ILLSTON
United States District Judge